WO                                                                                                                              JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendall Ramsey, | No. CV 12-0367-TUC-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| Dr. Richard Rowe, et al., | |
| Defendants. | |

Plaintiff Kendall Ramsey, a state prisoner housed in Tucson, Arizona, brought this pro se civil rights Complaint under 42 U.S.C. § 1983 against various Arizona Department of Corrections (ADC) employees (Doc. 1). Before the Court is a Motion to Dismiss filed by three of the Defendants (Docs. 47, 61).[1]

The Court will grant the motion and dismiss the action without prejudice.

**I.    Background**

Ramsey named as Defendants Chief Medical Officer David Robertson; Facility Health Administrators Dennis Kendall and J. Kinton; Nurses Jamie Crede and Debbie Croft; and physician Laura Brown (Doc. 1).[2] Ramsey alleged that he had severe pain in

---

[1] **Error! Main Document Only.**The Court issued the Notice required under *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), which informed Ramsey of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. 48).

[2] Croft has not yet been served (Doc. 58).

his right shoulder following surgery and that Kendall and Kinton failed to ensure that he received physical therapy ordered post-surgery. Ramsey further alleged that Crede and Croft failed to refer him for evaluation by a physician for pain treatment. Finally, Ramsey claimed that Robertson and Brown were aware that he was suffering shoulder pain but failed to ensure that he was properly treated (id.). The Court determined that Ramsey's allegations sufficiently stated Eighth Amendment deliberate-indifference claims against Defendants (Doc. 9 at 5-6).

Robertson, Crede, and Kinton ("Defendants") now move to dismiss Ramsey's Complaint on the ground that he failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Docs. 47, 61).[3]

## II. Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119. There can be no absence of exhaustion unless a defendant demonstrates that applicable relief remained available in the grievance process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decided disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. And when considering disputed issues of fact, a court has broad discretion as to the method used in resolving the

---

[3] Robertson and Crede filed the Motion to Dismiss (Doc. 47), and Kinton filed a Joinder to the Motion (Doc. 61).

dispute because "there is no right to jury trial" as to an issue arising in a pre-answer motion. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). If a court finds that the plaintiff failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1120.

### III. Discussion

As stated, Defendants must demonstrate that administrative remedies were available for Ramsey to grieve his medical claim at the prison. *Brown*, 422 F.3d at 936-37. They submit the declaration of J. Respicio-Moriarty, the Inmate Grievance Appeals Investigator at the ADC Central Office in Phoenix (Doc. 47, Ex. A, Respicio-Moriarty Decl. ¶ 1 (Doc. 47-1 at 2)). The declaration is supported by a copy of ADC Department Order (DO) 802, the Inmate Grievance Procedure, and copies of Ramsey's grievances (*id*. ¶ 3, Attachs. 1-2). Respicio-Moriarty describes the steps for processing a medical grievance: (1) an Inmate Letter to the Correctional Officer (CO) III; (2) a Formal Grievance, which is forwarded to the FHA, who prepares a written response to the inmate; and (3) an appeal to the Director, which is forwarded to the Assistant Director for Health Services or Health Services Regional Director (*id.* ¶ 12(a)-(e) & Attach. 1 (Doc. 47-1 at 4, 11-14)). Within 30 days of receiving an inmate's appeal to the Director, a response must be prepared for the Director's signature, which completes the grievance process (*id.* ¶ 13 & Attach. 1 (Doc. 47-1 at 13)).

Documentary evidence demonstrates that Ramsey filed a grievance pertaining to his claim in this lawsuit and that it was appealed through to the Director (*id.* ¶ 18 & Attach. 2 (*see* Doc. 47-1 at 28-30)). The appeal forms show that Ramsey submitted his appeal to the Director on April 3, 2012, and that a response to the appeal was issued on July 31, 2012 (*id.*, Attach. 2 (Doc. 47-1 at 30-31)). Defendants argue that Ramsey failed to properly exhaust his claim because he filed this lawsuit in May 2012—*before* he received the Director's response that constitutes exhaustion of the available ADC administrative remedies (Doc. 47 at 7).

1    The PLRA mandates that an inmate exhaust remedies before filing a lawsuit invoking 42 U.S.C. § 1983; exhausting remedies during the course of the lawsuit does not comply with the requirement.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006); *McKinney v. Carey*, 311 F.3d 1198, 1120-21 (9th Cir. 2002) (per curiam).  The statute itself states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."  42 U.S.C. § 1997e(a).

According to Defendants, to comply with the exhaustion requirement, Ramsey was required to wait until he received the July 31, 2012 Director's response before filing this action.  But under DO 802, the Central Office Appeals Officer must prepare a response for the Director's signature within 30 calendar days of receiving an appeal (*id.*, Attach. 1 (Doc. 47-1 at 13)).  The face of the July 31, 2012 Director's response states that the appeal was received on April 18, 2012, suggesting that 30 days from that date would be the response deadline (*id.*, Attach. 2 (Doc. 47-1 at 31)).  But Ramsey submitted his appeal to prison officials on April 3, 2012, and there was no way for him to anticipate how long it may take for those officials to deliver the appeal form to the responsible officer (*id.* (Doc. 47-1 at 30)).  The only date an inmate has from which to calculate the 30-day response deadline is the submission date of his appeal.  Therefore, the Court finds that the Director's response was due within 30 calendar days of April 3, 2012, which was May 3, 2012.  Once that 30-day time frame expired, available remedies were exhausted.

Although Defendants misconstrued the proper date of exhaustion, the substance of their argument is correct.  Ramsey satisfied the exhaustion requirement if he filed his Complaint after May 3, 2012.  But his pleading shows that he filed his Complaint on May 1, 2012 (Doc. 1 at 9).[4]  Consequently, Ramsey's Complaint was filed before the time

---

[4] The docket reflects that the Complaint was received by the Court on May 11, 2012; however, Ramsey signed his Complaint on May 1, 2012 (Doc. 1 at 9). Under the prison mailbox rule, a complaint is deemed "filed" when handed by the prisoner to a prison official for mailing, and that date is determined by the date the prisoner signs the pleading. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the prison mailbox rule articulated in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), to § 1983 lawsuits by pro se prisoners).

expired for prison officials to respond to the appeal. The Court must therefore conclude that Ramsey failed to properly exhaust his claim, and Defendants' Motion to Dismiss will be granted. *See Woodford*, 548 U.S. at 92; *see also Holcomb v. Fleeman*, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (because inmate filed his complaint less than 30 days after he submitted his inmate grievance, his grievance could not have been exhausted prior to filing suit, and dismissal is required) (citing *Woodford*, 548 U.S. at 92; *McKinney*, 311 F.3d at 1199-1201).

While dismissal is a harsh penalty for Ramsey's calculation error, the Court has no discretion to excuse the requirement that administrative remedies be exhausted prior to filing suit. *See McKinney*, 311 F.3d at 1199-1201 ("requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court"). Further, because Ramsey's Eighth Amendment deliberate-indifference claim against the five Defendants stems from the same underlying facts, the determination on the exhaustion issue pertains to the claim against all Defendants, not just those moving for dismissal. Therefore, with the granting of Defendants' motion, Ramsey's Complaint will be dismissed without prejudice to refiling.

**IV.     Attorney's Fees**

Defendants request attorney's fees under 42 U.S.C. § 1988 (Doc. 47 at 7). A district court may award attorney's fees pursuant to § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007). A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). But the mere fact that a defendant prevails does not support an attorney's fees award. *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (attorneys' fees not warranted "simply because [the defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious"). "[A] defendant bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the

need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).

"Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The rule against awarding defendants attorney's fees applies with special force where the plaintiff is a pro se litigant. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

Here, Defendants do not establish that they incurred fees solely in the defense of frivolous claims. Indeed, there is no showing that Ramsey's claims against Defendants were frivolous, and the Court specifically determined that they were not (Doc. 9 at 5-6). The request for attorney's fees will be denied.

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. 47) is **granted in part** and **denied in part**.

(2) The Motion is **granted** as to the request to dismiss for nonexhaustion; the Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

(3) The Motion is **denied** as to the request for attorney's fees under 42 U.S.C. § 1988.

(4) The Clerk of Court must enter a judgment of dismissal accordingly and close its file in this matter.

Dated this 22nd day of January, 2014.

Cindy K. Jorgenson
United States District Judge